## No. 721.—JAMES M. EDWARDS v. HENRY DUPUY.

Courts will not declare an act of the Legislature void unless its unconstitutionality is established beyond all reasonable doubt.

The act of the Legislature of 1869, No. 110, entitled "An act to amend and re-enact sections four and nine of an act entitled an act to organize the parish courts of this State," etc., is constitutional. The decision in the case of Hawley v. Barlow (ante page 563) re-affirmed.

APPEAL from the District Court, parish of Avoyelles. *Miller, J. Edwards & Ducote* for plaintiff and appellee, *Cullom & Walsh* for defendant and appellant.

LUDELING, C. J. The plaintiff, who is Judge of the Parish Court of the parish of Avoyelles, has enjoined the clerk of the District Court of said parish from performing the ministerial duties in the Parish Court, and from collecting the fees due for such services.

He avers that the act of the General Assembly approved March 9, 1869, which confers the rights and imposes the duties aforesaid, is contrary to the articles 86, 115 and 117 of the Constitution of this State.

There was judgment in favor of the plaintiff, perpetuating the injunction, and the defendant has appealed.

Article 86 of the Constitution declares that the parish judge "shall receive *a salary and fees to be provided by law.*"

The act No. 110 provides that parish judges shall receive salaries, "and that they shall further be entitled to the fees which are now provided for clerks of courts in all cases of appeals from justices of the peace courts to the parish courts." Whether the General Assembly has properly exercised its discretion in this matter cannot be inquired into by us; it is sufficient to know that the General Assembly was not limited in the exercise of its discretion as to *what fees* should be allowed the parish judges.

The most which can be said in favor of the position assumed by the plaintiff, that the law is unconstitutional, is that it is not free from doubt. And courts will never declare a solemn act of the Legislature void unless its unconstitutionality is established beyond all reasonable doubt. Chief Justice Marshall said: "The question whether a law shall be void for its repugnancy to the Constitution, is at all times a

question of much delicacy, which ought seldom, if ever, to be decided in the affirmative, in a doubtful case. It is not on slight implication and vague conjecture that the Legislature is to be pronounced to have transcended its powers, and its acts to be considered as void. The opposition between the constitution and the law should be such that the judge feels a clear and strong conviction of their incompatibility with each other." 6 Cranch 126, Fletcher v. Peck. In Ogden v. Saunders, 12 Wheaton p. 270, Mr. Justice Washington said: "But if I could rest my opinion in favor of the constitutionality of the law, on which the question arises, on no other ground than *this doubt* so felt and acknowledged, *that alone* would, in my estimation, be a satisfactory vindication of it. It is but a decent respect due to the wisdom, the integrity and the patriotism of the legislative body by which any law is passed *to presume* in favor of its validity, until its violation of the constitution is proved *beyond a reasonable doubt*."

The law in question is not repugnant to the article 115 of the Constitution. That article is similar to article 119 of the Constitution of 1845. The language of the article seems to lack precision, but it is obvious that the object of the provision of the constitution was to prevent the amendment or revival of laws *merely* by reference to their titles—the whole act *as amended* was re-enacted and published, and that was sufficient.

The act number 110 is not in opposition to article 117 of the Constitution; it does not create a new office. See O. K. Hawley v. J. C. Barlow, 21 An. 563.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, that the injunction be dissolved, and that the plaintiff and appellee pay the costs of both courts.